AIKEN et al. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1893.)

No. 54.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.
The engine used for hoisting and lowering a boat's stage could only move one way, and could not reverse. It was the duty of the fall tender to put proper turns of the fall or rope around the drum while it was stationary, and then pay out or receive the slack according to the way the drum should turn. Thinking the engine was running the wrong way, he attempted to throw the turns off the drum while it was in motion, and was injured. *Held,* that he was guilty of negligence, and the fact that the engineer was an inexperienced person did not contribute to the injury.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

In Admiralty. Libel by Charles Smith against the steamboat Whisper, (John F. Aiken, claimant,) in a cause of subtraction of

wages, and damages, civil and maritime. The district court rendered a decree in favor of libelant. The claimant appeals. Reversed.

John D. Grace, for appellant.

Richard De Gray, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The appellee, Charles Smith, exhibited his libel in the district court against the steamboat Whisper in a cause of subtraction of wages, and damages, civil and maritime, and therein claimed that, having lately been employed as a roustabout on said steamboat, he had been assigned against his will to act as fall tender in connection with the hoisting and lowering of the boat's stages, which were very large and heavy, and were and could only be operated by steam power and a steam engine; and at the same time the mate of the said steamboat, without previous notice, selected and designated a boy from 13 to 15 years of age, and without experience, to run said engine by which said stages were to be operated; and in the third article of the libel it was alleged—

"That while said steamboat was on said trip going towards Donaldsonville aforesaid at a point in St. James Parish, at about 12 o'clock at night, she undertook to make a landing, when libelant was ordered to go to the steamboat's drum, hanging under her boiler deck forward and abaft of the steps, so as to lower the stage as the boat arrived at a bank; that, as she was at or near the shore, the first order was to lower the stage, which he did, having three turns of the fall around said drum, and the stage was lowered to a certain extent, and thereupon another order was given, and to raise the stage, and your libelant at once put more turns of the fall around the drum, that said stage might be raised by said steam engine; but that the boy in charge of the said engine, not being competent and experienced, and being unfit and incapable to discharge the duties of stage hoister, started the engine in the opposite direction, whereby libelant was caught in said fall, and carried partly around said drum, and, before the same could be stopped, was left suspended in the air with his head downwards, and had the first and second finger of his right hand cut off between the said fall and said drum."

For the injuries suffered, the libelant claimed the sum of $2,500, and, in addition thereto, the sum of $7.50 for wages. The claimant's answer, in substance, is to the effect that the libelant was hired as fall tender; that he was injured through his own fault and negligence, and without the fault of the steamboat Whisper or her owners; and that the amount due him for wages had been fully tendered to him and refused. On the hearing the district court found as a fact "that the injuries sustained by libelant while on board of the steamboat Whisper, and employed thereon as a mariner, resulting in a contusion of the thumb, index, and middle fingers of the right hand of said libelant, and the subsequent amputation of the said index and middle fingers, were caused through the fault and negligence and want of proper care of those in charge of the navigation of said steamboat Whisper," and thereupon ordered and decreed that the libelant should have and recover from the steamboat Whisper the sum of $506.75, as follows: $6.75, amount tendered by claimant

for wages due, and $500 damages, with legal interest from judicial demand, and costs of suit. The claimant, having taken an appeal to this court, makes 11 assignments of error, amounting, in substance, to a complaint that the finding of the district court is against the evidence.

Taking the case as stated in the libel, it is by no means clear that the libelant did not contribute by his own negligence to the injuries he received. His duty as fall tender was to put proper turns of the fall around the drum while it was stationary, and then pay out or receive the slack of the rope according to the way the drum should turn. In performing this duty, it is difficult to understand how the fall tender could be caught in the fall and carried partly around the drum, whichever way it might turn, unless he was negligent either in handling the rope or in the position which he occupied. However this may be, his own evidence clearly shows that he was guilty of negligence at the time he received his injury. Letting alone the conflict generally apparent in his evidence, he fully admits on examination that, at the time he was injured, he was trying to throw the turns of the fall off from the drum while it was in motion:

"Question. If you had not attempted to change the rope on the drum, and let that rope run out, would you have been caught? Answer. I can't tell you about that. After the boat or by the boat springing, that made the full weight of the stage on me, and he running the wrong way. Q. That is not an answer to my question. I asked you very plainly, if you had not attempted to change the rope on that drum, and let it run out, would you have been caught? A. Oh, yes. * * * Q. Why did you take the rope off the drum? A. I hollowed to the boy to reverse the engine. He ran the nigger engine the other way and let the stage down. He ran it backward. Q. And you tried to throw the turns off the drum? A. I got one of them off. Q. You tried to throw it off? A. One turn. Q. Did you not try to turn all of them off? A. No, sir. Q. What was your reason for throwing one off? Q. Because I thought as the engine was running the wrong way, and that was to give him a chance to reverse it. * * * Q. So that when they ran the engine this wrong way, notwithstanding that fact, if you had let that rope alone, you would not get your hand caught in trying to throw the rope off the drum? A. One turn I threw off. Q. Did you not want to throw them all off? A. No, sir. Q. Why did you want to throw one off, and not all? A. Because I thought I had one too much."

The evidence shows, and the libelant substantially admits, that the complaint in the libel that libelant was designated against his will to act as fall tender is not true, and that in fact he was hired expressly for the purpose of acting as fall tender.

We do not agree with the finding of the district court that negligence on the part of those in charge of the navigation of the steamboat Whisper caused the injury suffered by libelant. The evidence does show that a boy somewhere between the ages of 13 and 18 was employed to run the nigger engine used in hoisting the stages at various landings on the trip, and leaves it in doubt as to whether the boy so in charge of such engine was fully competent or not to generally manage the same. At the same time the evidence clearly shows that the manner in which the engine was handled did not contribute to the libelant's injury. Four intelligent witnesses, apparently without any other interest than that arising from being em-

ployed on the steamboat, and whose personal conduct in regard to the affair was in no wise blamable, testify that at the particular time the libelant was injured, and as generally the custom on board the boat when on a voyage, a wooden block was inserted and fastended in the slide in which moves the lever which operates the nigger engine, in such a way that the engine could only run one way, and could not be reversed. The witnesses testifying to this were the first mate, second mate, watchman, and captain of the watch, and there are two circumstances that corroborate their testimony,—one that the libelant was taking the fall off the drum at the time of injury, which would have been unnecessary if the engine had been reversible; and the other that a call was made to reverse the engine to release libelant from the drum, and the little boy said: "You can't do it. There's a stick in it." The only evidence to the contrary is that of libelant's partner, who testifies to the custom, but denies that the block was there on that particular occasion. If the wooden block or chock was in its place, then it made no difference whether the boy in charge of the nigger engine was competent, so far as injury could result to the libelant, for the boy could only run the engine one way; and whether it properly operated to hoist or lower the stage, and, in so doing, take in or pay out the slack of the rope, would depend entirely upon whether the turns were properly put around the drum; and that was entirely the business of the fall tender.

The whole evidence in the case satisfies us that the libelant contributed to his own injury, and does not satisfy us that the steamboat or her owners were guilty of any fault which contributed to said injury. A decree against them for damages could only be on the ground that they had employed an improper person to run the nigger engine, and while this improper person was running such engine the libelant was hurt. The amount due to the libelant for wages was offered to him before suit was brought, but was refused. In the claimant's answer the tender was renewed, but no legal tender of amount due, with costs to date thereof, has been made. The decree appealed from should be reversed, and the case remanded, with instructions to the district court to enter a decree for the libelant for the sum of $6.75, and costs in that court, the costs of this court and of appeal to be paid by libelant; and it is so ordered.